IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BAILEY WAYNE SANDERS,<br>  BOP #48659-177,<br>          MOVANT,<br><br>v.<br><br>UNITED STATES OF AMERICA, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>CIVIL NO. 3:21-CV-2054-D-BK<br>(CRIMINAL NO. 3:18-CR-006-D-53) |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Bailey Wayne Sanders' *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition where appropriate. For the reasons outlined here, the § 2255 motion should be **DISMISSED WITH PREJUDICE** as time barred.[1]

I.     BACKGROUND

In 2018, Sanders pled guilty to possession of a controlled substance with intent to distribute and, on June 25, 2019, was sentenced to 240 months' imprisonment. Crim. Doc. 1420. Sanders did not file a direct appeal. However, on August 27, 2021—more than two years later—he filed a motion seeking "to appeal under ineffective assistance of counsel," which the Court construed as an initial § 2255 motion. Doc. 1; Doc. 3. In accordance with *Castro v. United*

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS ("If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

*States*, 540 U.S. 375 (2003), Sanders subsequently filed an amended § 2255 motion, alleging ineffective assistance of counsel at sentencing. Doc. 6 at 4-11.

Because Sanders' § 2255 motion appeared untimely, the Court directed him to respond regarding the application of the one-year limitations period, which he has now done. Doc. 7; Doc. 8. After a review of the relevant pleadings and law, the Court concludes that Sanders' § 2255 motion is barred by the applicable limitations period and should be dismissed.

## II.     ANALYSIS

### A.  The § 2255 Motion is Time Barred

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f). Sanders does not allege any facts that could trigger a starting date under § 2255(f)(2)-(4), so the limitations period began to run when his judgment of conviction became final under § 2255(f)(1). The Supreme Court has held that a judgment becomes final when the applicable period for seeking direct review of a conviction has expired. *Clay v. United States*, 537 U.S. 522, 525 (2003).

Sanders' conviction became final on July 9, 2019, the last day he could have filed a timely direct appeal from the June 25, 2019 judgment. Crim. Doc. 1420; FED. R. APP. P. 4(b)(1)(A) (providing 14 days to file a notice of appeal). Calculated from that date, his § 2255 motion was due by July 9, 2020. However, Sanders did not file his § 2255 motion until August 27, 2021, over one year later.[2] Thus, Sanders' § 2255 motion is untimely under § 2255(f)(1)

---

[2] The § 2255 motion is deemed filed on August 20, 2021, the date on which Sanders signed it and likely also placed it in the prison mailing system. Doc. 1 at 1. *See* Rule 3(d) of the RULES GOVERNING SECTION 2255 PROCEEDINGS (applying the "mailbox rule" to inmates who use jail/prison's mail system).

absent equitable tolling.

### B. There is No Basis for Equitable Tolling

Sanders' filings, even when liberally construed in accordance with his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling. A movant is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotations and quoted case omitted); *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 (2016) ("[T]he second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control.") (emphasis in original). However, equitable tolling is an extraordinary remedy limited to "rare and exceptional circumstances." *United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016).

> Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. [T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect. Unfamiliarity with the legal process does not justify equitable tolling.

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam) (internal citations and quotation marks omitted).

Moreover, equitable tolling requires a litigant to pursue his rights with "reasonable diligence." *Holland*, 560 U.S. at 653 (internal citations and quotation marks omitted). But the courts have "repeatedly emphasized that equitable tolling is not available to 'those who sleep on their rights.'" *Wickware v. Thaler*, 404 F. App'x 856, 861 (5th Cir. 2010) (per curiam) (quoted case omitted). And unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Sanders' arguments in favor of equitable tolling are unpersuasive. He contends that on the day of his sentencing, his defense counsel advised him that he "had two years to appeal [his] sentence, not one year." Doc. 8 at 1; Doc. 6 at 16. Later, Sanders allegedly learned from an unidentified source that "the two year time period had been extended due to COVID-19 restraints." Doc. 6 at 16. Also, after his sentencing, Sanders states that he "did not go directly into federal custody" but was transferred instead to "state custody to finish a state jail sentence . . . ." Doc. 8 at 1. He avers that after completing that sentence, he was transferred to: (1) Kaufman County in November 2019, (2) FDC Seagoville in December 2019, (3) the FTC in Oklahoma City in January 2020, and (4) FCI Memphis by either late January or early February 2020. Doc. 8 at 1. Subsequently, in March 2020, the BOP instituted a nation-wide lockdown due to the COVID-19 pandemic. Doc. 8 at 1. According to Sanders, BOP units have either "been locked down or on modified operation since March of 2020." Doc. 8 at 1.

First, Sanders did not pursue "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam). As previously noted, he squandered the entire one-year period. He waited close to two years from the date his conviction became final to mail his § 2255 motion. Sanders does not allege that he was actively misled about his habeas remedies or that he was prevented in some extraordinary way from asserting his rights.

Sanders asserts that he is entitled to equitable tolling because his defense counsel erred in advising him that he had a two-year period, instead of a one-year period, "to appeal [his] sentence." Doc. 8 at 1. His argument is foreclosed by Fifth Circuit precedent, however. "[A]n attorney's error or neglect does not warrant equitable tolling." *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). "That's because an 'attorney is the prisoner's agent, and under well-settled principles of agency law, the principal bears the risk of negligent conduct on the part of

his agent.'" *United States v. Cardenas*, 13 F.4th 380, 383 (5th Cir. 2021) (quoting *Maples v. Thomas*, 565 U.S. 266, 280-81 (2012)). Moreover, Sanders does not allege, much less show, that counsel intended to deceive him about the one-year statute of limitations. At most then, counsel was "ignorant" but not "intentionally deceptive." *Cardenas*, 13 F.4th at 383 (finding counsel who erred in advising the movant about the one-year AEDPA period "simply messed up" and, thus, that he was "ignorant" but not "intentionally deceptive").

Further, even under liberal construction, Sanders' pleadings do not suggests that "rare and exceptional circumstances" prevented him from submitting his § 2255 motion within the one-year period. Apart from broad-based allegations that the prison "has been locked down or on modified operation since March of 2020," Sanders offers no details of any delays that he personally experienced due to COVID-19 pandemic restrictions. Doc. 8 at 1. [T]he mere existence of the COVID-19 pandemic does not, without more, constitute an 'extraordinary circumstance.'" *Young*, 2021 WL 4190646, at *5; *see also United States v. Clay*, No. 2:20-236, 2021 WL 2018996, at *3 (S.D. Tex. May 18, 2021). Courts have found that intermittent lockdowns and diminished access to the law library, even as a result of COVID-19 restrictions, do not constitute "extraordinary circumstances" warranting equitable tolling. *See Delarosa v. Dir., TDCJ-CID*, No. 3:21-CV-2414-D-BK, 2022 WL 850041, at *2-3 (N.D. Tex. Feb. 22, 2022), *R. & R. adopted*, *Delarosa v. Dir., TDCJ-CID*, No. 3:21-CV-2414-D, 2022 WL 847216 (N.D. Tex. Mar. 22, 2022) (collecting cases finding pandemic-related circumstances, including lockdowns and diminished library access, did not prevent filing of habeas petition).

Here, Sanders presents no evidence that diminished law library access "actually prevented" him from filing his § 2255 motion. The § 2255 motion only requires a movant to state his grounds and identify specific facts supporting them, rather than to argue or cite case

law.  Doc. 6 at 4-11.  While it may have been more difficult for Sanders to prepare the § 2255 motion and mail it, the pandemic-related measures did not prevent its filing. Extended periods of inactivity, as in this case, clearly indicate a lack of due diligence.  Likewise, unexplained delays neither evince due diligence or rare and extraordinary circumstances.  *Fisher, 174 F.3d at 715* ("[E]quity is not intended for those who sleep on their rights." (citations omitted)).

Moreover, neither Sanders' unfamiliarity with the law nor his *pro se* status rises to the level of a rare or exceptional circumstance warranting equitable tolling.  *See United States v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008) (lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations).  Thus, Sanders presents no evidence that "some extraordinary circumstance" stood in his way and prevented him from filing a timely § 2255.

In addition, even in the context of the COVID-19 pandemic, a movant must provide sufficient evidence to show that he exercised diligence during "all time periods—before, during and after the existence of the COVID-19 pandemic."  *Fitzgerald v. Shinn*, No. CV-19-5219, 2020 WL 3414700, at *5 (D. Ariz. June 22, 2020); *see also Clay*, 2021 WL 2018996, at *3 (collecting cases).  Here, about eight months of Sander's limitations period elapsed before the start of the COVID-19 pandemic and the initiation of any COVID-19 protocols, yet he alleges no effort on his part to file a timely § 2255 motion.  Sanders once again offers no evidence or explanation to demonstrate his "reasonable diligence" in pursuing his rights before and during the COVID-19 pandemic.  *See Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019).  Even assuming the COVID-19 lockdowns delayed his ability to prepare and mail the § 2255 motion,

Sanders simply fails to explain the more than two-year delay after his conviction became final and the mailing of his § 2255 motion.

In sum, Sanders has presented no facts suggesting that he diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing his § 2255 motion. On this record, he has not met his burden to establish that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam).

### III.   CONCLUSION

For the foregoing reasons, Sanders' motion to vacate sentence under 28 U.S.C. § 2255 should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2255(f); Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS.

**SO RECOMMENDED** on August 2, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).